

RECEIVED
JUL 19 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

# UNITED STATES FEDERAL COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| ENERGY MANAGEMENT SERVICES | CIVIL ACTION NO. 10-1344 |
| VERSUS | JUDGE TRIMBLE |
| CITY OF ALEXANDRIA, LOUISIANA | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING AND ORDER

Before the court is defendant's appeal[1] of the prior ruling of the magistrate judge[2] granting plaintiff's motion for remand[3] in the above-captioned case. For the reasons expressed below, the court finds that defendant's appeal should be **GRANTED** and, accordingly, plaintiff's motion for remand should be **DENIED** and this suit should remain lodged with this court.

This suit arises out of a contract executed between plaintiff, Energy Management Services, LLC ("EMS") and defendant the City of Alexandria ("City") in 2004.[4] The contract provided that EMS would conduct an audit on the City's electricity expenses and identify any overcharges paid by the City for electricity supplied by CLECO.[5] The contract was amended in 2006 in order to reflect the completion of EMS's audit and to specify that EMS would receive its contingent fee from any proceeds recovered by the City in its then-pending litigation against

---

[1] R. 20.
[2] R. 18.
[3] R. 7.
[4] R. 7 at p. 1.
[5] Id.

1

CLECO.[6]  The contract further provided that the City would provide EMS with copies of all settlement documents so that the value of the settlement could be determined.[7]

The City's suit against CLECO was filed in this court and presided over by U.S. District Judge Dee D. Drell.[8]  A settlement was reached among the parties and the suit was dismissed by judgment dated February 24, 2010.[9]  EMS filed the instant suit against the City in 2010, asserting claims for breach of contract based on the City's alleged failure to pay EMS the negotiated fee and alleged failure to provide documentation necessary for determining the cash value of the settlement as contemplated in the contract.[10]

The City removed the suit to this court in August of 2010 alleging supplemental jurisdiction under 28 U.S.C. §§ 1441 and 1367.  The City averred that the dispute between it and EMS would directly impact the proceeds of the settlement reached in the CLECO suit and will also impact claims brought against those proceeds by Bridgett Brown, Craig Davidson and John Sharp, attorneys also claiming entitlement to a portion of the settlement proceeds for work done on behalf of the City in the CLECO litigation.[11]

Plaintiff filed its motion to remand and for attorney fees in September of 2010 and the motion was referred to U.S. Magistrate Judge James D. Kirk for decision per this court's standing order of reference.[12]  By ruling dated May 29, 2012, the magistrate judge granted plaintiff's motion for remand based on lack of jurisdiction and also awarded attorney fees as prayed for by plaintiff.[13]

---

[6] Id. at p. 2.
[7] Contract at p. 6 [R. 1-3 at p. 15].
[8] Civ. Act. No. 05-1121.
[9] See R. 379 of Civ. Act. No. 05-1121.
[10] Plaintiff's original state court petition [R. 1-3 at pp. 3-8].
[11] R. 1.
[12] R. 7, 8.
[13] R. 18.

2

The City has timely appealed the magistrate judge's ruling, alleging that the court committed error in not recognizing its own jurisdiction over this suit under the Fifth Circuit's reasoning in Baccus v. Parrish.[14] Plaintiff filed no memorandum in opposition to the appeal.

The court has carefully reviewed the law and argument cited by the magistrate judge and the defendant in this matter and finds that this court does possesses jurisdiction over the claims at issue here. We do not base these findings on the dire view that the litigation of EMS's claims against the City will unavoidably lead to an "unraveling" of the settlement reached between the City and CLECO under Baccus or on the notion that EMS's claims constitute a collateral attack on that settlement. We also acknowledge that the City does not assert claim preclusion in this matter. Instead, we find that this court possesses ancillary jurisdiction over plaintiff's claims against the City.

While EMS was not a party to the litigation between the City and CLECO, it is undisputed that interpretation and valuation of the settlement reached in that litigation is central to the terms of the contract at issue in this case. For that reason, this court finds that the above-captioned case is "factually interdependent" with the prior CLECO litigation and should be maintained in this court.[15] Moreover, the court finds that plaintiff's specific claims for disclosure of certain confidential information[16] and for sequestration of a portion of the cash value of the settlement[17] is so interrelated with the prior orders of this court in the CLECO litigation that they represent the type of continuing disputes over which this court has expressly retained jurisdiction.[18]

---

[14] 45 F.3d 958 (5th Cir. 1995).
[15] Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381 (1994); State of Texas v. Real Parties in Interest, 259 F.3d 387, 391 n. 8 (5th Cir. 2001).
[16] R. 1-3 at p. 6.
[17] R. 1-3 at p. 7.
[18] R. 379 of Civ. Act. No. 05-1211; Id.

Accordingly, we also find that an award of attorney fees in this matter is inappropriate and shall be vacated by the instant ruling and order.

For these reasons, it is hereby respectfully

**ORDERED, ADJUDGED** and **DECREED** that the prior ruling of the magistrate judge is **VACATED** and plaintiff's motion to remand and for award of attorney fees is **DENIED** in all respects. It is further

**ORDERED** that this suit shall remain lodged in the docket of the United States District Court for the Western District of Louisiana, Alexandria Division, for all further proceedings consistent with this ruling. It is, finally,

**ORDERED** that this matter is referred to the U.S. Magistrate Judge for the purpose of a trial fixing conference to be set by the court with notice to all parties.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 19th day of July, 2012.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 7-19-12
BY: 
TO: JDK